## Supervision of Title Insurance Companies by Department of Banking

SAYLOR, Deputy Attorney General, February 8, 1932.—You have requested an opinion on your duty to examine and supervise title insurance companies incorporated under the General Corporation Act of 1874 which do not accept deposits or engage in trust activities.

We understand that there are functioning throughout the Commonwealth a number of corporations created under and by virtue of that portion of section two of the Act of April 29, 1874, P. L. 73, which is designated "Corporations for Profit—Second Class," and which, in subparagraph nineteen, provides for the incorporation of companies for the following purpose: "The insurance of owners of real estate, mortgagees and others interested in real estate, from loss by reason of defective titles, liens and encumbrances." Many corporations created under this clause enjoy a variety of powers and privileges given them by the Act of May 9, 1889, P. L. 159, the Act of June 1, 1907, P. L. 382, and the Act of May 9, 1923, P. L. 173. Such corporations, popularly known as "trust companies," do a banking and fiduciary business, receiving deposits, making loans and handling estates. They file with you from time to time called reports and are generally under your supervision.

Other corporations created under the same law have confined themselves strictly to a title insurance business. Some have surrendered their powers to engage in a banking and a fiduciary business by virtue of a formal court decree; others have either never exercised such powers or have ceased to do so and have abandoned them. In any event, such companies, whether or not they still have the power to do so, do not receive deposits and do not act in the capacity of fiduciary.

Section four of the Banking Act of June 15, 1923, P. L. 809, which prescribes the extent to which your duties and powers of supervision apply, reads as follows:

"The said supervision, duties, and powers shall extend and apply to the following corporations now or hereafter incorporated under the laws of this state or under the laws of any other state and authorized to transact business in this state; namely, all such corporations having power to receive and receiving money on deposit or for safekeeping otherwise than as bailee, including all banks, banking companies, coöperative banking associations, trust, safe deposit, real estate, mortgage, title insurance, guarantee, surety and indemnity companies, savings institutions, savings banks, and provident institutions. . . ."

In the opinion of this department to your predecessor, former Secretary of Banking Peter G. Cameron, dated June 25, 1930, Mortgage Guarantee Companies, 14 D. & C. 766, interpreting this section with respect to mortgage guarantee companies not having the power to receive and not receiving money on deposit or for safekeeping, it was stated that such companies were not

under the supervision of your department. Consequently, we advised that your department was not required by law to demand called reports of such companies nor to examine them.

The reasons for that conclusion with respect to such mortgage guarantee companies are identical with those compelling a like decision with respect to title insurance companies which do not receive deposits and do not engage in any trust activities.

Therefore, you are advised that a title insurance company which does not have the power to receive and does not receive money on deposit or for safe-keeping and does not engage in any trust activities, whether or not it has formally surrendered such powers, is not under the supervision of your department. You are neither required to demand called reports of such companies nor to examine them.

From C. P. Addams, Harrisburg, Pa.